### In re EAGLE HORSESHOE CO.

### MILWAUKEE TRUST CO. v. FIDELITY TRUST CO.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1908.)

#### No. 1,419.

FIXTURES — BETWEEN MORTGAGOR AND MORTGAGEE OF LAND—ANNEXATION OF MACHINERY TO REALTY.

Under the decisions of the Supreme Court of Wisconsin, as well as those of the Supreme Court of the United States, in manufacturing plants, where machinery is purchased and used in connection with the plant, the intention to devote such machinery to the use of the realty, accompanied with the act of bringing it on the realty, amounts to annexation, as between mortgagor and mortgagee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, §§ 32–41.]

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

J. H. Marshutz, for appellant.
Wheeler P. Bloodgood, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. The petition is by the Fidelity Trust Company, Trustee under a certain trust deed dated September 1, 1904, executed by the bankrupt upon certain real estate situated in the County of Milwaukee, and State of Wisconsin, "together with all the buildings, improvements and appurtenances thereon, and thereunto belonging," and is for an order authorizing the trustee to sell the same at public auction.

The plant covered by the trust deed consists of eleven acres of land upon which there are buildings equipped for manufacturing horseshoes and bar iron, comprising mills, office buildings, sheds, shanties and bins, machine shop, electric lighting plant, and warehouses.

In the making of bar iron and horseshoes, a large amount of scrap is used, in addition to the ordinary pig iron. To cut this scrap into lengths, shears are used, the shears being operated by machines weighing some ten thousand pounds, that are built upon brick and stone foundations. These and other shears, anchored to some portion of the building, are operated by an engine used for no other purpose.

In all of the mills there are roughing rolls of different diameters, made of steel, and weighing from nine hundred to one thousand pounds each; and in each of the mills there are ten extra rolls of this kind, some of them turned for use, and some unturned. Also tongs hung upon chains, wheels, and rods attached to the building, and duplicate tongs intended to take the place of these.

In the horseshoe factory there are certain punch presses, bolted to planks placed upon the floor, and connected with the main shafting by belts, the purpose of these presses being to punch holes in the creases of the horseshoes; as also certain emery grinders that are also bolted to the floor, and operated by belts connecting with the main shafting of the building, used for sharpening the tools in the horseshoe plant. Besides this, in the machine shop are certain planers, shapers, a bolt and screw machine, lathes and emery grinders, all of which were in use. And to light the plant there is an electric plant consisting of one general Edison Electric Company 20 kilowatt dynamo, on its own bed, side bolted and lag screwed to the floor, and directly connected by belting.

It is thus seen that with the exception of the extra roughing rolls, shears and tools intended to replace their counterparts adjusted to the machines when occasion arose, all the articles above described are attached, in some measure, to the realty. Indeed the argument of appellant in this court that the articles did not come within the conveyance, was confined to these extra rolls, shears and tools, the argument being that these were personal property, and not a part of the realty.

The court below having found in favor of the Fidelity Trust Company upon the issue thus raised, the sole question presented here is

whether the property thus enumerated was within the property conveyed under the trust deed.

Appellant contends that under the decisions of the Supreme Court of the State of Wisconsin, three concurring tests are essential, to make any article a fixture, viz.: (1) Actual physical annexation to the realty; (2) Application or adaptation to the use or purpose to which the realty is devoted; and (3) The intention on the part of the person making the annexation to make a permanent accession to the freehold. And if it be true as contended, that all these tests applied independently, must concur, appellant's contention respecting the extra rolls, tools, and the like, would have to be sustained.

But we do not so understand the ruling of the Supreme Court of Wisconsin, especially in cases not covering the relations of landlord and tenant. Our understanding of the decisions of the Supreme Court of Wisconsin is, that in manufacturing plants where machinery is purchased and used in connection with the plant, the intention to devote such machinery to the use of the realty, accompanied with the act of bringing it on the realty, amounts to annexation. Gunderson v. Swarthout, 104 Wis. 186, 80 N. W. 465, 76 Am. St. Rep. 860; Spruhen v. Stout, 52 Wis. 517, 9 N. W. 277; Cooper v. Cleghorn, 50 Wis. 113, 6 N. W. 491. And such is the "entity" doctrine adopted by the Supreme Court of the United States in Hill v. National Bank, 97 U. S. 450, 24 L. Ed. 1051—a doctrine that in the absence of any decision upon the question in Wisconsin (and no decision in Wisconsin contrary to that doctrine has been called to our attention) would determine the correctness of the order appealed from.

The order appealed from is affirmed.